## SUPREME COURT.

### BURGET agt. BISSELL.

The statement of facts and circumstances, comprising matters which under the former practice, would have formed sufficient ground of relief against a strictly legal demand, upon a proper bill filed for that purpose, may now be interposed by the defendant directly by way of answer in an action commenced to recover the legal demand.

Such matters will not be stricken out, as irrelevant or redundant, where it appears they would not have been obnoxious to exceptions for impertinence, according to the rules of equity pleading.

*Yates Special Term, January* 1851. *Motion to strike out a large portion of the defendant's answer, for irrelevancy and redundancy* The complaint is in trespass for taking and carrying away 400 sticks of pine timber of the value of $4000, &c. The answer first denies the taking of the timber, and second alleges the title of the timber to be in the defendant, and then proceeds to state how such title arose. This statement of the manner the defendant acquired his title to the timber in question, contains about 26 folios, and is what the plaintiff asks to have stricken out.

R. CAMPBELL, *for Plaintiff.*

J. HERON, *for Defendant.*

Burget agt. Bissell.

WELLES, Justice.—It is claimed by the defendant's counsel, that the portion of the answer which is asked to be stricken out, presents an equitable defence to the action. If this be so, I think the answer ought to be permitted to stand. I have no doubt but that any matters which under the practice as it existed before the Code, would have formed sufficient ground of relief against a strictly legal demand or claim, upon a proper bill filed for that purpose, may now be interposed by the defendant directly by way of answer in the action commenced to recover the legal demand.

The object of the plaintiff's counsel to that portion of the answer, which he asks to have expunged, is that it states the evidence of the facts upon which that branch of the defence arises, in minute detail; that it contains the facts and circum-stances which merely go to establish, or from which the defend-ant will ask to have inferred, the material facts which constitute the defence, and that it contains matters irrelevant and redundant.

On supposition that the part of the answer in question, presents a mere legal defence to the action, the objection would seem to be well founded (Shaw vs. Jayne & Brown, 4 *How. Pr. R.* 119; Knowles vs. Gee and others, *Id.* 317). On the other hand, if as the defendant's counsel contends, it presents a case for the application of equitable rules, no part of it should be stricken out, unless under the former practice in courts of equity, it would have been liable to exceptions for impertinence. It should, upon the hypothesis mentioned, be treated in this respect, in the same way that a bill for relief against an unconscientious legal demand would have been treated under the former practice.

In such case, the plaintiff was at liberty to state any matter of evidence in his bill, or any collateral fact, the admission of which, by the defendant, might have been material in establishing the general allegations of the bill as a pleading, or in ascertaining or determining the nature and the extent, and the kind of relief to which the plaintiff might have been entitled, consistently with the case made by the bill; or which might legally have influenced the court in determining the question of costs; and where any allegation or statement contained in the bill might thus have

25

affected the decision of the cause, if admitted by the defendant, or established by proof it would have been held relevant and could not have been excepted to as impertinent (*Story's Eq. Pl.* § 268; Hawley vs. Wolverton, 5 *Paige's R.* 522; Mechanics' Bank vs. Levy, 3 *Id.* 606; Del Pont vs. De Tastet, 1 *Turner & Russell*, 486). According to the rules of equity pleading, I do not think this answer would be obnoxious to exceptions for impertinence. Does it then set up a legal or an equitable defence? In the view I am about to take, it is not necessary to decide the question definitely upon this motion.

One of the evils which the late reforms was intended to cure, was that of the uncertainty attending a prosecution in a court of justice, in regard to the proper forum in which the party should seek redress for an alleged grievance. That in the disagreements between the courts of law and equity upon questions of jurisdiction, he was liable, after great delay and expense, to be turned out of court, on the ground that he had mistaken his forum; that he had brought his action at law, when his case belonged to the other side of the hall, or *vice versa*. It was alleged that instances had occurred, where a suitor had been turned out of the Supreme Court, because the matter was held to be a proper subject of equity jurisdiction; and afterwards the same party had been defeated in chancery by a decision that it was a matter, not for that court, but for a court of law.

To remedy such evils, among other things, was the object of the 69th section of the Code, abolishing the distinction between actions at law and suits in equity, and of the various sections of tit. VI. of the second part of the Code, which relate to proceedings in civil actions, § 140 to 177, inclusive. The plaintiff may now set forth his case in his complaint, in ordinary and concise language, &c. and the court is to administer the redress to which by his allegations and proofs, he may show himself entitled, whether by the rules of the common law or the principles of equity. The only difference in the mode of stating the case between an action founded upon legal principles and one resting upon the rules in equity, is that generally in the former, the facts to be stated in the complaint are such as by the common law

rules of pleading the declaration was required to contain; that is, issuable facts, essential to the cause of action; and not those facts and circumstances, or the evidence of facts, which merely go to establish such issuable facts, while, in the latter, the plaintiff is at liberty to follow the rules of pleading formerly prevailing in the Court of Chancery, in reference to the bill.

These views, however, must be taken as applicable only to cases where the question is clear as to whether the party's remedy is at law, or in equity, as in the cases of Shaw vs. Jayne and Brown, and Knowles vs. Gee and others, before referred to. But in the case of any serious doubt whether the action belonged to legal or equitable cognizance, to apply the rules above stated, to the pleading, and to strike out on motion, matters as redundant, which, if the case was clearly of equitable cognizance, would be retained, would be to defeat, in a great measure, the object of the constitution and the code of precedure, in the amalgamation of the courts of law and equity, and the abolition of the distinction of actions. If the case, being stated in view of the rules of equitable pleading as above defined, turns out to be one of legal cognizance, the only evil consequence would be the loading the record with unnecessary matter, which would be a far less one than the exclusion from the pleading of matters which it ought to contain, in order to the full and advantageous examination and decision of the case as an equitable action, should that turn out to be its character.

In the present case, I am not prepared to say that the answer does not present an equitable defence; or rather, if it presents a defence at all, it is not, to some extent at least, of equitable jurisdiction. Whether it is a defence in either aspect, is not a question here, unless indeed, it can be regarded a sham or frivolous answer, which I do not understand is contended. Its sufficiency as a defence can only be tested in the present stage of the action by demurrer. The motion is therefore denied; but inasmuch as it has involved an examination of questions not entirely settled in the court, and about which there is understood to be some contrariety of opinion, if not conflict of decision, I am disposed to deny costs of opposing the motion.